IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )   No. CR-23-386-SEH ) |
| RANDAL DEWAYNE DAVIS, | ) ) |
| Defendant. | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

The parties have entered into an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) stipulating to an agreed range of punishment between 87 and 121 months of imprisonment. A sentence of 87 months of imprisonment should be imposed here. Under the circumstances of this case, such a sentence would be sufficient, but no greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

## I. *The Presentence Investigation Report*

The Defendant, Randal Dewayne Davis, pleaded guilty and accepted responsibility for Receipt and Distribution of Child Pornography and Possession of Child Pornography on June 27, 2024. (Doc. 32).

Following the plea, a presentence investigation report was completed. The presentence investigation report calculates a total offense level of 34, a criminal history category of I, and a guidelines range as 151 to 188 months. (PSR, ¶ 59).

The presentence report includes specific offense characteristic enhancements that the Sentencing Commission itself has noted are problematic and occur in the vast majority of cases. In this case, those characteristics have increased the offense level by 13 levels. Elimination of those characteristics which apply now in nearly every single case would result in a total offense level of 21, a criminal history category of I, and a guideline of 60 months.[1]

## II. Relevant Offender Characteristics

Mr. Davis is now 48 years old. His previous criminal history involves a single traffic infraction. (PSR, ¶45). Since 1998, he has worked the same job and supported himself and his family. (PSR, ¶55). In 2018, he and his wife separated. He has struggled since then.

## III. Non-Production Child Pornography Guidelines

The United States Sentencing Commission has acknowledged significant problems with the non-production child pornography guidelines. Enhancements that were originally intended to apply to aggravated child pornography offenses are now routinely applied. (See, United States Sentencing Commission 2012 Report to Congress: Federal Child Pornography Offense at p. 313 (hereinafter "*2012 Report to Congress*").[2]

---

[1] The guideline range for a total offense level of 21 and a criminal history category of I is 37 to 46 months. However, because that range is below the statutory minimum of 60 months, the statutory minimum is the guideline.

[2] The 2012 Report to Congress: Federal Child Pornography Offense is available at: https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses

As the Sentencing Commission stated in their June 2021 report "Federal Sentencing of Child Pornography Non-Production Offenses" (hereinafter "*2021 Report*")[3],

> §2G2.2 contains a series of enhancements that have not kept pace with technological advancements. Four of the six enhancements— accounting for a combined 13 offense levels—cover conduct that has become so ubiquitous that they now apply in the vast majority of cases sentenced under §2G2.2.

(*Id.* at p. 4). A total of 13 offense levels of that same common conduct have been applied in this matter. In evaluating the proper sentence in this matter, the Court should disregard those enhancements, and start with a total offense level of 21 and a guideline of five years imprisonment.

### a. *2G2.2(b)(2): Prepubescent Minor*

Guideline 2G2.2(b)(2) provides for a two-level increase in the offense level if "material involved a prepubescent minor who had not attained the age of 12 years."[4]

In its 2012 Report to Congress, the Sentencing Commission noted that almost all offenders (96.3%) possessed images of prepubescent minors. (*Id.* at p. 312).

By the time of its June 2021 report, nearly every offense (99.4%) of non-production child pornography cases involved prepubescent minors. (*2021 Report* at p. 31). During fiscal year 2023, the courts applied a specific offense characteristic

---

[3] The June 2021 report "Federal Sentencing of Child Pornography Non-Production Offenses" is available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf

[4] The presentence investigation report applied this offense characteristic to this case. (PSR, ¶ 31).

enhancement pursuant to this provision in 94.4% of cases. (2023 Guideline Application Frequencies Report, at page 99).[5]

### b. 2G2.2(b)(4): Sadistic or Masochistic Conduct

Guideline 2G2.2(b)(4) provides for a four-level increase in offense level if "the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler."[6]

In its 2021 Report, the Commission noted that eight-four percent (84%) of non-production child pornography cases include an enhancement for depicting sadistic or masochistic conduct or abuse of an infant or toddler. (*2021 Report* at p. 4).

### c. 2G2.2(b)(6): Use of a Computer

Guideline 2G2.2(b)(4) includes a two-level increase in offense level if "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material."[7]

This enhancement is applied in 95.4% of distribution cases and 93.8% of receipt cases. (*2021 Report* at p. 19). During fiscal year 2023, the courts applied a specific

---

[5] Available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/2023/Ch2_Guideline_FY23.pdf

[6] The presentence investigation report applied this offense characteristic to this case. (PSR, ¶ 33).

[7] The presentence investigation report applied this offense characteristic to this case. (PSR, ¶ 34).

offense characteristic enhancement pursuant to this provision in 97.1% of cases. (2023 Guideline Application Frequencies Report, at page 100).[8]

### d. *2G2.2(b)(7)(D): 600 or More Images*

Guideline 2G2.2(b)(7)(D) includes a five-level increase in offense level if the offense includes 600 or more images, and every video counts as seventy-five (75) images.[9]

In its *2021 Report*, the Commission noted that the median number in non-production child pornography cases was 4,265 images. (*2021 Report* at p. 4).

### e. *A Meaningful Disregard of Specific Offense Characteristics*

In its consideration of the plea agreement made pursuant to Rule 11(c)(1)(C) and in imposing sentence, this Court should recognize what the United States Sentencing Commission realized in 2012:

> Several provisions in the current sentencing guidelines for non-production offenses – in particular, the existing enhancements for the nature and volume of the images possessed, an offender's use of computer, and distribution of images – originally were promulgated in an earlier technological era… As a result, enhancements that were intended to apply to only certain offenders who committed aggravated child pornography offenses are now being applied routinely to most offenders.

(*2012 Report to Congress* at p. 313).

---

[8] Available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/2023/Ch2_Guideline_FY23.pdf

[9] The presentence investigation report applied this offense characteristic to this case. (PSR, ¶ 35).

Under our current guidelines, a person with a box full of polaroid photographs and homemade VHS tapes containing child pornography has a lesser guideline range than a more typical online downloader who is significantly more removed from the physical perpetration of acts upon minors. There is no doubt in the undersigned counsel's mind which is the more dangerous individual and which is the individual who should have a higher guideline range and who should receive a higher sentence.

### IV. Sentencing Disparity

By imposing a sentence in this matter within the stipulated range pursuant to the Rule 11(c)(1)(C) agreement, this Court would be acting consistently with what other federal courts have done in similar situations. The United States Sentencing Commission maintains significant records and statistics regarding the sentencing of federal defendants nationwide. Statistics from those records are available through the Judiciary Sentencing Information (JSIN) database.[10] The JSIN database reflects those individuals sentenced under the primary guideline of § 2G2.2 with a total offense level of 34 and a criminal history category of I, receive an average sentence of 106 months of imprisonment and a mean sentence of 96 months imprisonment. Counsel does not believe Mr. Davis to be more culpable or his history and circumstances to be worse than the middle-of-the-pack offender similarly charged. As such, 96 months of imprisonment should be the top-end punishment in this case. More appropriate though,

---

[10] The JSIN database is available at: https://jsin.ussc.gov/analytics/saw.dll?Dashboard

if respecting the §3553 factors, is a sentence of 87 months in this matter.

## V. Conclusion

Mr. Davis provides the information contained in this memorandum to the Court not as an excuse for his actions. Mr. Davis takes full responsibility for what he has done and the impact of those actions. Mr. Davis simply provides this information for the Court as it considers the factors in § 3553(a).

In consideration of all the information the Court has before it in this memorandum, the presentence investigation report and any materials the United States has provided the Court regarding this matter, the defense respectfully requests Your Honor impose a fair sentence substantially below the advisory guidelines in accordance with the plea agreement entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) which will accomplish the objectives and needs of sentencing. Specifically, Mr. Davis requests this Court impose a sentence of 87 months to serve.

Respectfully submitted,

s/ Craig M. Hoehns
Craig M. Hoehns
Bar Number: 21700
Attorney for Randal Dewayne Davis
Hoehns Law Office, PLLC
5600 N. May Ave., Suite 310
Oklahoma City, OK 73112
Telephone: (405) 535-2005
Fax: (405) 543-1354
craig.hoehns@hoehnslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Craig M. Hoehns<br>
Craig M. Hoehns